UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN CERVANTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16-cv-11080 |
| | ) |
| ARDAGH GROUP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND EXHIBITS**

Plaintiff Juan Cervantes ("Plaintiff"), by its attorneys, Rubenstein Business Law, hereby moves this Court to Strike Defendant's Statement of Undisputed Material Facts and Exhibits in connection with Defendant's Motion for Summary Judgment. In support of this Motion, Plaintiff states as follows:

1.  On July 27, 2017, Defendant filed its Statement of Undisputed Material Facts in connection with Defendant's Motion for Summary Judgment. This Statement is replete with improper hearsay statements that must be stricken because they are not based on personal knowledge and they are unaccompanied by a Declaration or Affidavit from the Defendant in support of such statements. Likewise, the Statement also contains irrelevant facts which have no bearing on the issues in this case and are merely sought to disparage Plaintiff's character. Accordingly, Defendant's Statement must be stricken in its entirety.

A. **Defendant's Statement and Exhibits Must be Stricken Because it Relies Upon Inadmissible Hearsay.**

2. The 7th Circuit has consistently held that "statements that are conclusory allegations, inadmissible hearsay, legal conclusions, not based on personal knowledge, or that violate the best evidence rule must be stricken." See Drake v. Minn. Mining & Mfg. Co., 134 F.3d 878 (7th Cir.1998); Pfeil v. Rogers, 757 F.2d 850, 862-63 (7th Cir.1985); Liberles v. County of Cook, 709 F.2d 1122, 1129 (7th Cir.1983).

3. In connection with Defendant's Motion for Summary Judgment, Defendant submitted a 3 paragraph Declaration of Dan Waldrop and a 3 paragraph Declaration of Roger Rice. The substance of these Declarations merely provided that each witness denied knowledge that Plaintiff filed an EEOC charge in 1998.

4. **None** of these Declarations discussed any facts concerning Plaintiff's Discipline (Defendant's Exhibit E), Plaintiff's Job Change Documentation (Defendant's Exhibit G), the Collective Bargaining Agreement (Defendant's Exhibit H), Plaintiff's Time Card (Defendant's Exhibit J), or Plaintiff's Poor Job Performance Warning (Defendant's Exhibit K).

5. Without Affidavits or Declarations certifying to the authenticity and accuracy of these documents, all of these documents constitute inadmissible hearsay under Federal Rule of Evidence 802, which cannot be relied upon by this Court as part of a Motion for Summary Judgment. None of these documents are certified or affirmed based on the personal knowledge of any witness. Therefore, they must be stricken from this record.

6. Indeed, of the 32 paragraphs in Defendant's Statement, a total of 13 Statements (#'s 5-17) rely solely upon these aforementioned documents which are inadmissible hearsay and cannot be part of the record. This means that over 1/3 of all of

Defendant's Statements are based on information other than personal knowledge of a witness. Therefore, they must be stricken because they rely upon inadmissible hearsay.

### B. **Defendant's Statement Must be Stricken Because it Contains Irrelevant Facts Which have no Bearing on the Issues in this Case and are Merely Sought to Disparage Plaintiff's Character.**

7. Paragraphs 5-13 of Defendant's Statement are all under the heading of "Prior Warning Letters." Each Statement contains reference to a warning for job performance of Plaintiff from 2006-2014. Yet, none of them have any bearing on this case. Defendant has never made the allegation that Plaintiff's demotion was based on poor job performance; rather, it was solely based upon Plaintiff's alleged "insubordination."

8. As Defendant's own witness, Tom Jones, admits:

Q. Was job performance a factor in the demotion of Ricardo Cervantes?

A. It wasn't the factor; the factor was he was insubordinate.

(Rubenstein Declaration, Exhibit G, Jones Tr., 17-6:8)

9. Since Plaintiff's job performance had nothing to do with his demotion, it is clear that these statements are irrelevant to the issues facing the Court on summary judgment and are only mentioned in order to color the Plaintiff's character. Menasha Corp. v. News American Marketing In-Store, Inc., 238 F.Supp. 2d 1024, 1029 (N.D. Ill. 2003) ("The court will disregard all argumentative, conclusory, unsupported, or otherwise non-confirming portions of [56.1 statements.]")

3

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Strike Defendant's Exhibits and Statement of Undisputed Material Facts.

        **RUBENSTEIN BUSINESS LAW**
        Attorneys for Plaintiff
        David Rubenstein

        By: _s/ David Rubenstein_
        David Rubenstein, Esq.

Dated: September 27, 2017