UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN CERVANTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16-cv-11080 |
| | ) |
| ARDAGH GROUP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S COUNTER-STATEMENT OF FACTS**

Plaintiff Juan Cervantes ("Plaintiff"), by its attorneys, Rubenstein Business Law, hereby responds to Defendant's Motion to Strike Plaintiff's Counter-Statement of Facts as follows:

1. It is clear that Defendant's Motion is nothing more than an attempt to play games with the Court to try to strike Plaintiff's case based on technicalities rather than on the merits. Indeed, Defendant comes to the Court with unclean hands because Defendant's own Statement of Facts is replete with inadmissible hearsay constituting over 1/3 of the entire Statement. These deficiencies are enumerated in more detail in Plaintiff's Motion to Strike Defendant's Statement of Facts and Exhibits, as part of this response herein. The fact that the Defendant wastes this Court's valuable time with this baseless motion without looking at its own deficiencies demonstrates that this Motion should be denied in its entirety.

2. Nevertheless, should the Court entertain Defendant's arguments, we hereby respond to each allegation in turn.

**A. Defendant Seeks to Strike Plaintiff's Response to Paragraphs 5-13 based on "Dispute in Part."**

3. Defendant first seeks to strike Plaintiff's Response to Paragraphs 5-13 based on "Dispute in Part" language. Yet, these responses are proper in light of the fact that all of these statements rely solely upon hearsay documents.

4. Paragraphs 5-13 of Defendant's Statement are all under the heading of "Prior Warning Letters." Each Statement contains reference to a warning for job performance of Plaintiff from 2006-2014. Yet, none of them have any bearing on this case. Defendant has never made the allegation that Plaintiff's demotion was based on poor job performance; rather, it was solely based upon Plaintiff's alleged "insubordination."

5. As Defendant's own witness, Tom Jones, admits:

Q. Was job performance a factor in the demotion of Ricardo Cervantes?

A. It wasn't the factor; the factor was he was insubordinate.

(Rubenstein Declaration, Exhibit G, Jones Tr., 17-6:8)

9. Since Plaintiff's job performance had nothing to do with his demotion, it is clear that these statements are irrelevant to the issues facing the Court on summary judgment and are only mentioned in order to color the Plaintiff's character. Menasha Corp. v. News American Marketing In-Store, Inc., 238 F.Supp. 2d 1024, 1029 (N.D. Ill. 2003) ("The court will disregard all argumentative, conclusory, unsupported, or otherwise non-confirming portions of [56.1 statements.]"). Therefore, Defendant's response was proper in disputing these statements and also stating its objections to the accuracy and veracity of these statements.

2

### B. Defendant Seeks to Strike Plaintiff's Response to Statements Based on Contradictory Evidence

6. Defendant claims that Plaintiff's response to statements is based on contradictory evidence. Yet, the example put forward to the Court in Paragraph 32 demonstrates that Plaintiff's response is proper because the Defendant failed to word its statement properly. Defendant states:

> For example, Paragraph 32 of Ardagh's Statement states "None of the individuals involved in reporting Plaintiff's conduct, or making the decision to demote him, were aware of Plaintiff's prior EEOC charge," Plaintiff states "Disputed," citing to pages 65 and 66 of Plaintiff's deposition transcript. (Pl. Resp. at ¶ 32.) But the testimony on these pages states exactly the opposite, and actually supports the accuracy of Ardagh's statement:
>
> Q. And I think you admitted that neither Mr. Spells nor Ms. Stewart were aware of this EEOC charge. Is that correct?
>
> A. Yes, because it was -- at that time they weren't -- they weren't -- they didn't work for the company.
>
> Q. And Mr. Jones also didn't work for the company at that time; is that right?
>
> A. No, he didn't.
>
> Q. "No, he didn't"?
>
> A. "No, he didn't."
>
> Q. And you don't have any reason to believe that he was aware of the charges back in 1998; is that correct?
>
> A. No, not -- not these charges.

(Supp. App. Ex. A, Cervantes Dep. pp. 65:19-66:9.)

7. A careful reading of Defendant's statement says that "none of the individuals involved in…making the decision to demote him…were aware of Plaintiff's prior EEOC charge."

3

8. According to Paragraphs 29-30 of Defendant's Statement, it states that Roger Rice and Dan Waldrop were responsible for the decision to demote Plaintiff.

9. Yet, the citations to the record cited by Defendant only reference Katina Trebble, Don Spells, and Tom Jones. There is no mention of Roger Rice or Dan Waldrop. Therefore, there is no agreement that "**None**" of the individuals knew of the prior EEOC charge. Had the Defendant worded their statement less broadly, Plaintiff would have submitted a different response. Instead, it is clear from the citation in the record that there is no contradiction here. This is just another example of the Defendant wasting the Court's valuable time with this Motion.

### C. Plaintiff's Response Does not Contradict its Counter-Statement.

10. Defendant takes issue with Plaintiff's Response to Statement #24 because it is similar to Defendant's Counter-Statement of Facts #44-45. Yet, the Plaintiff's response to #24 explains the discrepancy. Plaintiff's response (which was conveniently omitted by Defendant) states as follows:

> Disputed. Katina Stewart did not call his radio; instead she approached Plaintiff in person, in a wrongful manner and abruptly asked the reason he was still at work. Defendant misconstrues Plaintiff's statements in his deposition because Plaintiff did not deny any assignment or Katina's radio calls. (Cervantes Dep. Pg.22-24).

11. Defendant's Statement to #24 cites to Dan Waldrop's Transcript, Ex. I, Waldrop Tr., pp. 38:16-39:3, which is the same citation to Paragraph #23 which falsely alleges that Trebble called Cervantes' radio. As such, Plaintiff properly disputed this allegation. Had Defendant made simple and concise statements as required under Rule 56

4

instead of combining multiple statements in the same paragraph, Plaintiff would have responded differently. Yet, Plaintiff's improper statement contains false information which required proper dispute.

### D. Plaintiff's Counter-Statement of Paragraphs and Affidavit

12. Plaintiff concedes that it misread the local rule on numbered paragraphs which permitted 80 paragraphs for the movant. Had Defendant actually reached out to notify Plaintiff of this error, Plaintiff would have corrected this mistake in a timely fashion. Instead, the Defendant sought to waste the Court's time by filing this motion. To correct this issue, Plaintiff hereby supplies a revised Counter-Statement of Facts, which also includes revisions to Defendant's concerns about citations to the record and legal arguments.

13. Likewise, Plaintiff accidentally uploaded the wrong Affidavit of Cervantes. To correct this issue, Plaintiff hereby supplies a signed Declaration of Cervantes.

**RUBENSTEIN BUSINESS LAW**
Attorneys for Plaintiff
David Rubenstein

By: *s/ David Rubenstein*
David Rubenstein, Esq.

Dated: September 27, 2017

5