# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN CERVANTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  16 C 11080 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| ARDAGH GROUP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Juan Cervantes, brought this action against Ardagh Group ("Ardagh") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, (Counts I through IV), as well as for intentional infliction of emotional distress ("IIED") in violation of Illinois common law (Count V).  For the reasons explained below, defendant's motion for summary judgment is granted; defendant's motion to strike plaintiff's response to defendant's statement of undisputed facts and plaintiff's counter-statement of undisputed facts is denied as moot; plaintiff's motion to strike defendant's statement of undisputed material facts and exhibits is denied as moot; and plaintiff's motion to extend time to depose expert witnesses is denied as moot.

## BACKGROUND

On September 3, 2015, plaintiff filed with the Illinois Department of Human Rights ("IDHR") a Charge of Discrimination ("Charge") against his employer, Ardagh.  (ECF No. 32, Def.'s App., Ex. A.)  In the section of the Charge form that contains boxes to check for the type of discrimination alleged, plaintiff checked the box for "Retaliation."  (*Id.*)  He did not check any other boxes, among which were "Race" and "National Origin."  In the "particulars" section of

the form, plaintiff stated: "I began my employment with [Ardagh] in or around May 1991. My current position is Forklift Driver. A family member filed EEOC Charge No. 210-1998-00397 against [Ardagh]. During my employment, I have been subjected to discipline, harassment, and I have been demoted. I believe I have been discriminated against in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*) After conducting an investigation, the IDHR dismissed the Charge on July 13, 2016 for lack of substantial evidence. (Def.'s App., Ex. B.)

On December 5, 2016, plaintiff filed this action. He alleges that Ardagh violated Title VII and the IHRA by refusing to promote him, demoting him, and issuing him performance warnings, based on his race and national origin and in retaliation for having previously complained to his superiors about discrimination and harassment. Plaintiff's IIED claim is based on the same alleged conduct.

## DISCUSSION

A. **The Parties' Motions to Strike**

1. **Local Rule 56.1**

Local Rule 56.1 requires the party moving for summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, . . . consist[ing] of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." N.D. Ill. L.R. 56.1(a)(3). The Rule also requires the party opposing the motion to file a concise response to each fact asserted in the movant's statement and a statement of any additional facts that require the denial of summary judgment, both including the same specific

2

references to supporting materials upon which the opposing party relies. L.R. 56.1(b)(3). "[T]he purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts—not to make factual or legal arguments." *LaSalvia v. City of Evanston*, 806 F. Supp. 2d 1043, 1046 (N.D. Ill. 2011) (citing *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006)).

### 2. Defendant's Motion

Defendant moves to strike plaintiff's response to defendant's Local Rule 56.1(a)(3) statement as well as plaintiff's Local Rule 56.1(b)(3)(C) statement of additional facts. Defendant contends that plaintiff's filings are improper for a number of reasons, including because they fail to state which parts of certain statements are disputed; include impermissible legal argument; exceed the limit in the Local Rule for numbered paragraphs (which is forty for parties opposing summary judgment motions); cite to evidence that does not support the disputes; and fail to cite evidence. In response, plaintiff argues that defendant is "play[ing] games" and relying on "technicalities." (ECF No. 54, Pl.'s Resp. Def.'s Mot. Strike at 1.) The requirements of Local Rule 56.1, however, are not "technicalities"; the Court of Appeals has "repeatedly held that a district court is entitled to expect strict compliance" with the Rule. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994).

Along with his response, plaintiff has "supplie[d] a revised Counter-Statement of Facts," which he says addresses defendant's "concerns about citations to the record and legal arguments." (Pl.'s Resp. Def.'s Mot. Strike at 5.) The Court construes this argument as a motion for leave to file a such a revised statement, grants the motion over defendant's objection, and construes defendant's motion to strike as being directed to the revised statement.

The Court need not (and, for reasons of judicial economy, will not) address each of defendant's arguments; it suffices to say that most of them are well taken, even as to the revised statement, because plaintiff's fact statements are deficient in many respects. Nonetheless, the Court denies defendant's motion as moot because it did not rely on any of plaintiff's statements or denials that do not comport with Local Rule 56.1.[1] In fact, as will become clear in the Court's discussion below, it was unnecessary for the Court to rely on the vast majority of the parties' fact statements.

### 3. Plaintiff's Motion

After plaintiff responded to defendant's summary judgment motion and fact statement, and after defendant moved to strike plaintiff's statement of additional facts, plaintiff filed his own motion to strike defendant's fact statement and exhibits. Plaintiff first contends that several exhibits defendant has submitted and the portions of defendant's statement that rely on those documents must be stricken because defendant failed to submit an authenticating declaration in support of the exhibits. The documents consist of various Ardagh personnel records pertaining to plaintiff (job-performance warnings, performance evaluations, notes of meetings, and time records) and an excerpt from a "Union Shop Contract." (Def.'s App., Exs. E, G, H, J, K.) Plaintiff also asserts that the performance warnings should be stricken as irrelevant and submitted only to "disparage plaintiff's character." (ECF No. 53, Pl.'s Mot. Strike at 3.)

---

[1]The Court denies defendant's request for fees and costs associated with preparing its motion to strike and its response to plaintiff's revised statement of additional facts.

It is puzzling that plaintiff disputes the relevancy of performance warnings on which his claims are evidently (at least in part) premised.[2] But in any event, the Court denies plaintiff's motion as moot because it did not rely on the documents or related statements that plaintiff asks the Court to strike.

**B.     Defendant's Motion for Summary Judgment**

   **1.     Legal Standards**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). A factual dispute is "genuine" only if a reasonable jury could find for either party. *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014). Rule 56 imposes the initial burden on the movant to inform the court why a trial is not necessary. *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the nonmovant bears the ultimate burden of persuasion on a particular issue, the movant's initial burden may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* Upon such a showing, the nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* (internal quotation marks and citation omitted). The nonmovant need not depose his own witnesses or produce evidence in a form that would be admissible at trial, but he must go beyond the

---

[2]Because plaintiff's response to defendant's motion for summary judgment lacks specificity, it is not clear on which performance warnings his claims are based.

5

pleadings to demonstrate that there is evidence upon which a jury could find in his favor. *Id.* at 1168-69 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

## 2. Race and National-Origin Discrimination

Defendant contends that plaintiff is not entitled to pursue his Title VII or IHRA claims, to the extent they are based on race and national-origin discrimination, because they were not originally included in plaintiff's IDHR Charge. Generally, a plaintiff may not bring Title VII or IHRA claims that were not previously included in an Equal Employment Opportunity Commission ("EEOC") or IDHR administrative charge. *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003); *McQueen v. City of Chi.*, 803 F. Supp. 2d 892, 902 (N.D. Ill. 2011) (citing federal and state decisions).[3] The only exception to this rule is that claims may be brought that are "'like or reasonably related' to the [administrative] charge, and can be reasonably expected to grow out of an [agency] investigation of the charges." *Sitar*, 344 F.3d at 726 (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). For purposes of this standard, "claims are not alike or reasonably related unless there is a factual relationship between them. This means that the [administrative] charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (citation, internal quotation marks, and emphasis omitted). When a complaint raises a different theory of discrimination than was raised in the administrative charge, a court must be able to reasonably infer the different theory of discrimination from the facts alleged in the charge in order for the

---

[3]"This rule serves two purposes: affording the [administrative agency] the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar*, 344 F.3d at 726.

6

complaint to fall within the scope of the charge. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003).

In addition to his allegations of retaliation, plaintiff also alleges that he is "a person of Hispanic origin" and that Ardagh discriminated against him because of his race or national origin. (ECF No. 1-1, Compl. ¶¶ 22-24.) He complained only of retaliation in his IDHR Charge and did not claim discrimination based on race or national origin (or any other type of discrimination). "Normally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010). Plaintiff asserts broadly, without further specificity, that his claims are so related because "Defendant's retaliatory conduct is clearly intertwined with the discriminatory reasoning by the same people (Defendant); it involves the same conduct (demotion that is retaliatory and directly related to African-American domination over all other races) and the same time (during Plaintiff's time working for Defendant)." (ECF No. 39, Pl.'s Br. Opp'n Def.'s Mot. Summ. J. at 11.) Plaintiff further argues that "[t]hese racial discrimination allegations" were brought to the IDHR's attention "via letter, dated March 31, 201[6], which was requested by the [IDHR] as part of its investigation," thus precluding summary judgment against plaintiff. (*Id.* at 12.)

After carefully reviewing plaintiff's IDHR Charge and the IDHR's written Investigation Report, the Court is unable to infer from the facts and arguments presented therein that plaintiff previously raised any theories of discrimination based on race and national origin. The Charge itself fails to mention or imply such theories. The Investigation Report discusses three sets of allegations, or "Counts," that plaintiff raised during the investigation: harassment in early 2015 to June 2015 by his supervisors, Don Spells and Tom Jones; the company's issuance of a written

7

warning to plaintiff in June 2015 for insubordination; and plaintiff's demotion in June 2015 from electro-mechanic to forklift operator. (Def.'s App., Ex. B.) Plaintiff alleged that each of these adverse actions was in retaliation for his family member's filing of an EEOC discrimination charge in 1998, and that the demotion was also in retaliation for plaintiff's complaint to a union representative about having been disciplined in relation to a broken chain. While plaintiff alleged that his *family member* had alleged racial discrimination in 1998, he did not allege that any of the actions against *him* in 2015 were based on racial or national-origin discrimination, nor did he allege any facts that suggested such a claim.

As for the March 2016 letter from plaintiff's counsel to the IDHR, it was evidently submitted *ex parte*. Its only reference to race or national-origin discrimination is on the last of five pages beneath the heading "On the Basis of Retaliation," where plaintiff's counsel stated without further elaboration or factual allegations that "because of [plaintiff's] race, decision makers at the company refused to promote" him to a "straight day shift," and that because plaintiff's family is "of Hispanic background, . . . [plaintiff] felt that this was the reason he was not being promoted at [Ardagh]." (ECF No. 39-12 at 5.) The letter does not indicate that it was provided to Ardagh such that the employer received notice of plaintiff's discrimination claim. Moreover, given the discussion in the IDHR's Investigation Report, it appears that these portions of the letter did not prompt the agency to investigate the allegation that plaintiff was not given a straight day shift due to racial or national-origin discrimination. The Court is unpersuaded that plaintiff's conclusory and *ex parte* allegations in a letter sent six months after the Charge was filed enlarged the scope of the Charge so as to make the discrimination charges reasonably related to the claimed retaliation. Although our Court of Appeals has recognized that "issues implied by a charge and communicated to the employer in the course of investigation can

enlarge the set of claims open to litigation," *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97 (7th Cir. 1993), plaintiff's Charge did not imply racial or national-origin discrimination, nor is there any evidence to support an inference that these issues were communicated to Ardagh during the course of the administrative investigation.

The Court holds that Cervantes's claims for race and national-origin discrimination are not like or reasonably related to his IDHR Charge of retaliation and could not reasonably be expected to grow out of its investigation. Accordingly, the Court grants defendant's motion for summary judgment to the extent that plaintiff's Title VII and IHRA claims are based on race and national-origin discrimination.

### 3. Retaliation

Title VII prohibits employers from punishing employees for opposing unlawful discrimination. 42 U.S.C. § 2000e–3(a). Retaliation is also a cognizable claim under the IHRA. *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 887 (7th Cir.) (citing 775 ILCS 5/6-101), *cert. denied*, 137 S. Ct. 82 (2016). Illinois courts apply Title VII's analytical framework to IHRA claims. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016); *Zaderaka v. Ill. Human Rights Comm'n*, 545 N.E.2d 684, 687 (Ill. 1989). To prove a retaliation claim, plaintiff must "present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Volling*, 840 F.3d at 383. The inquiry on summary judgment is whether the record contains sufficient evidence to permit a reasonable factfinder to conclude that retaliatory motive caused the adverse action. *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016).

"It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."

9

*Domka v. Portage Cty.*, 523 F.3d 776, 783 (7th Cir. 2008). Plaintiff has failed to do so. He maintains that his performance warnings and demotion were retaliatory. (Pl.'s Br. Opp'n Def.'s Mot. Summ. J. at 16-17.) But his argument is entirely conclusory. He does not identify the protected activity in which he engaged that allegedly led to the warnings and/or demotion; instead, he asserts only vaguely that he "had previously complained to his superiors of discrimination and harassment as a result of his ethnic background." (*Id.*) "An employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice. Vague and obscure 'complaints' do not constitute protected activity." *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013); *see also King v. Ford Motor Co.*, 872 F.3d 833, 841 (7th Cir. 2017) (summary-judgment filings that "speak in sweeping terms" or at a "high level of generality" about protected activity are insufficient to avoid summary judgment).[4] Furthermore, as defendant points out, plaintiff does not identify what evidence supports his assertion that he complained to his supervisors about discrimination. Plaintiff also makes no attempt to connect the vague complaints to his performance warnings and demotion by identifying who was responsible for those adverse actions or discussing whether that person or persons would have been aware of any of plaintiff's

---

[4]It is actually *defendant* who identifies one possible instance of protected activity—plaintiff's filing of an EEOC charge against the defendant in 1998. But plaintiff does not even mention this fact in his response brief and therefore waives it as a basis for retaliation. *See Hassebrock v. Bernhoft*, 815 F.3d 334, 342 (7th Cir. 2016) (arguments not made in response to a motion for summary judgment are waived).

protected activity. Accordingly, the Court grants defendant's motion for summary judgment on plaintiff's retaliation claim.

### 4. Intentional Infliction of Emotional Distress

To survive summary judgment on an IIED claim, a plaintiff must show that (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended that the conduct would cause severe emotional distress, or knew that there was at least a high probability that the conduct would inflict severe emotional distress; and (3) the conduct did in fact cause severe emotional distress. *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 467 (7th Cir. 2016) (citing Illinois law). "IIED requires more than mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (citation and internal quotation marks omitted). "Courts have found extreme and outrageous behavior in situations where an employer clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment." *Id.* (internal quotation marks and citation omitted).

Plaintiff's IIED claim is premised on defendant's failing to promote him, demoting him, and issuing him performance warnings. Defendant argues, and the Court agrees, that this conduct does not meet the high bar under Illinois law for "extreme and outrageous" behavior in the employment context. *See Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008) ("None of the conduct complained of by the plaintiffs, which includes being demoted, questioned or criticized upon return from FMLA leave, passed over for raises or given reduced raises, denied tuition reimbursements, or given unexcused absences meet this demanding standard."); *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 684 (Ill. App. Ct. 1999) (no

"extreme and outrageous" conduct where employees alleged that they were demoted, transferred, forced to perform "demeaning" and "humiliating" tasks, harassed, intimidated, and threatened with termination, all in retaliation for having voiced safety concerns). Plaintiff offers only a cursory response and cites no authority supporting his contention that the complained-of conduct is "extreme and outrageous." The Court therefore grants defendant's motion for summary judgment as to plaintiff's IIED claim.

## CONCLUSION

Defendant's motion for summary judgment [29] is granted, and judgment will be entered in favor of defendant and against plaintiff. Defendant's motion to strike plaintiff's response to defendant's statement of undisputed facts and plaintiff's counter-statement of undisputed facts [42] is denied as moot. Plaintiff's motion to extend time to depose expert witnesses [47] is denied as moot. Plaintiff's motion to strike defendant's statement of undisputed material facts and exhibits [53] is denied as moot. Civil case terminated.

**DATE**: November 14, 2017

_____
**Ronald A. Guzmán
United States District Judge**