# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN CERVANTES, | ) |
| Plaintiff, | ) |
| | ) No. 16 C 11080 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| ARDAGH GROUP, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant's motion for sanctions is denied. On defendant's bill of costs, the Court awards defendant costs in the amount of $2,885.50.

## BACKGROUND

Juan Cervantes brought this action against Ardagh Group for violations of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act ("IHRA") as well as for intentional infliction of emotional distress ("IIED") in violation of Illinois common law. Cervantes alleged that Ardagh refused to promote him, demoted him, and issued him performance warnings based on his race and national origin and in retaliation for having previously complained to his superiors about discrimination and harassment.

Ardagh moved for summary judgment. The Court granted the motion, holding that (1) Cervantes' claims for race and national-origin discrimination were not within the scope of the administrative charge that he had filed with Illinois Department of Human Rights ("IDHR"); (2) the retaliation claim failed as a matter of law because Cervantes did not point to evidence of a causal connection between any protected activity and the adverse actions, or even evidence that he had complained about discrimination to anyone at Ardagh; and (3) the IIED claim failed as a

matter of law because the complained-of conduct was not extreme and outrageous. (ECF No. 58, Mem. Op. & Order.) Cervantes challenged the first two rulings on appeal, and the Court of Appeals affirmed the judgment. *Cervantes v. Ardagh Grp.*, 914 F.3d 560 (7th Cir. 2019).

Ardagh now moves for the imposition of sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. It also filed a bill of costs seeking a total of $4,314.10.

## DISCUSSION

### A. Sanctions

Ardagh contends that sanctions are warranted for the following reasons: it became evident after plaintiff's deposition testimony that his retaliation claim had no factual basis; his IDHR administrative charge did not encompass race or national-origin discrimination, because that kind of discrimination was not like or reasonably related to his retaliation charge; and his IIED claim was preempted by the IHRA. Ardagh asks that the Court impose sanctions against Plaintiff and his counsel in the form of an award of Ardagh's attorneys' fees and costs (evidently for the entire case, because Ardagh does not specify a time frame).

Under Rule 11, a court may impose sanctions on a lawyer or party for making arguments or filing claims that are legally unreasonable and/or without factual foundation. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). Rule 11 sanctions are intended "to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). The Seventh Circuit has cautioned district courts to impose such sanctions "sparingly." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003). 28 U.S.C. § 1927 authorizes sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." A court has discretion to impose § 1927 sanctions when an attorney has pursued a claim that is "without a plausible legal or factual basis and lacking in justification" or pursued a path that a reasonably

2

careful attorney would have known, after appropriate inquiry, to be unsound. *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citation and internal quotation marks omitted). The Seventh Circuit has also interpreted § 1927 to impose a continuing duty on attorneys to dismiss claims that are no longer viable. *Id.*

This case was filed on December 5, 2016. On June 15, 2017, defendant sent plaintiff's counsel, via email, a "Rule 11 Notice" (also known as a "safe harbor" notice) detailing why it believed plaintiff's allegations were not supported by law or fact. (ECF No. 67-1.) Attached to the letter was a draft of defendant's current motion, invoking Rule 11 and § 1927. Plaintiff did not dismiss any of his claims after counsel's receipt of the letter.

Plaintiff first contends that Ardagh's motion should be denied for failure to comply with Rule 11(c)(2) because Ardagh emailed its Rule 11 letter to plaintiff's counsel yet never served it by any of the methods listed in Federal Rule of Civil Procedure 5, as required by the Rule. Without citing authority, Ardagh deems this argument "meritless," but concedes that it sent the letter via email only and not regular mail. (ECF No. 80, Def.'s Reply at 1 n.1.) While the Court is aware of Seventh Circuit case law in which a "minor technical violation" of Rule 11(c)'s safe-harbor requirement was excused, *see Egan v. Huntington Copper Moody & Maguire, Inc.*, No. 12 C 9034, 2015 WL 1631547, at *3 (N.D. Ill. Apr. 10, 2015) (citing *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003)), the explicit requirement of service under Rule 5 cannot be characterized as a minor technical violation. Because Ardagh did not comply with Rule 11's requirement of service under Rule 5, its motion is denied as to sanctions under the Rule. *See, e.g., Lancaster v. Harrow*, No. 8:17-CV-634-T-33JSS, 2018 WL 1242239, at *2 (M.D. Fla. Mar. 9, 2018).

Even if Ardagh had complied with Rule 11's service requirement, the Court in its discretion would not impose sanctions under the Rule, which involves an objective inquiry into whether the party or his counsel should have known that his position was groundless, *Cuna Mut. Ins. Soc. v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006), or under § 1927, which involves an inquiry into whether counsel proceeded in bad faith, *Hunt v. Moore Bros.*, 861 F.3d 655, 659 (7th Cir. 2017). Ardagh does not develop any argument whatsoever regarding bad faith and thus fails to meet its burden of demonstrating the requisite level of culpability of plaintiff's counsel. *See Globaltap, LLC v. Cantwell & Cantwell*, No. 16 C 4395, 2018 WL 3190823, at *1 (N.D. Ill. Mar. 21, 2018) ("The Seventh Circuit has required a finding of 'some degree of culpability on the part of counsel' and has endorsed 'a rule permitting the imposition of attorneys' fees only where the attorney intentionally acts without a plausible basis.'") (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984)). And, although it is a close call, Rule 11 sanctions would not be warranted either. Plaintiff's position on summary judgment was quite weak. His argument about his claims of race and national-origin discrimination was, as the Seventh Circuit recognized, "at far too high a level of generality," 914 F.3d at 565, and his argument as to retaliation was vague and conclusory. Nonetheless, the Court is unable to say that plaintiff's claims were entirely devoid of a factual and legal basis such that they would lead the Court to exercise its discretion to impose Rule 11 sanctions.

**B.    Bill of Costs**

As the prevailing party, Ardagh seeks reimbursement of the court filing fee for its notice of removal as well as several deposition-related costs, for a total of $4,314.10. Plaintiff did not respond to the bill of costs, but the Court still must consider "whether the costs are allowable

and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

The $400.00 filing fee for the notice of removal is taxable as a fee of the clerk under 28 U.S.C. § 1920(1). Fees for printed or electronically-recorded transcripts are recoverable when "necessarily obtained for use in the case." *Id.* § 1920(2). The depositions at issue are those of plaintiff, Juan Cervantes, and four Ardagh employees, Roger Rice, Katina Trebble, Tommie Jones, and Daniel Waldrop. Ardagh seeks to recover costs of both the video recording and the written transcript of plaintiff's deposition. A prevailing party may recover costs of both, but only when it was reasonable and necessary for counsel to obtain both. *Ariel Invs., LLC v. Ariel Capital Advisors LLC*, No. 15 C 3717, 2017 WL 3023746, at *2 (N.D. Ill. July 17, 2017) (citing *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008)). Ardagh does not even attempt to explain why it was necessary to obtain both, so the Court will tax only $837.50, the costs of the video recording.[1] As for the costs of the transcripts of the four Ardagh employees' depositions, those costs are recoverable and allowed as reasonable and necessary, except for $3.60 for copies of exhibits, as to which Ardagh does not provide an explanation.

---

[1]These costs are comparable to the *recoverable* costs associated with the written transcript of plaintiff's deposition. Ardagh seeks a total of $1,425.00 in such costs, broken down as follows: a 185-page expedited transcript, $1,100.75; copies of deposition exhibits, $19.25; court-reporter half-day attendance, $140.00; "XMEF file," $95.00; processing fee, $35.00; and shipping and handling, $35.00. (ECF No. 61, Decl. of Rachel Cowen, Ex. 3.) There are a few problems here. Ardagh does not explain why it was reasonable and necessary to obtain an expedited transcript, copies of exhibits (which it likely already had in its possession as having been obtained in discovery), or a digital copy of the transcript. Moreover, the half-day attendance-fee maximum is $110.00. By the Court's calculation, the taxable costs associated with the written transcript would be $855.25 ($675.25 for an original ordinary 185-page transcript at the maximum cost of $3.65 per page, plus a $110.00 attendance fee, the $35.00 processing fee, and the $35.00 shipping fee).

Therefore, Ardagh is entitled to recover $1,648.00 for the costs associated with those depositions.

Defendant is entitled to costs in the total amount of $2,885.50 ($400.00 + $837.50 + $1,648.00).

## CONCLUSION

Defendant Ardagh Group's motion for sanctions [67] is denied. On Ardagh Group's bill of costs, the Clerk of Court is directed to tax costs in favor of Ardagh Group in the amount of $2,885.50.

**DATE**: April 30, 2019

 _____
 **Ronald A. Guzmán**
 **United States District Judge**